**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
**File Name: 15a0387n.06**

**No. 14-5306**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | **ON APPEAL FROM THE** |
| | ) | **UNITED STATES DISTRICT** |
| JEFFREY SCOTT BRADEN, | ) | **COURT FOR THE EASTERN** |
| | ) | **DISTRICT OF TENNESSEE** |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

**FILED**
May 29, 2015
DEBORAH S. HUNT, Clerk

**BEFORE:** MOORE, GIBBONS, and GRIFFIN, Circuit Judges.

**JULIA SMITH GIBBONS, Circuit Judge.** Defendant, Jeffrey Scott Braden, was found guilty by a jury of conspiring to manufacture at least fifty grams of methamphetamine; possessing equipment, chemicals, products and materials used to manufacture methamphetamine with knowledge that they would be used to manufacture methamphetamine; and possessing ammunition as a convicted felon. The district court sentenced Braden to the mandatory minimum term of life imprisonment for conspiring to manufacture at least fifty grams of methamphetamine; 20 years of imprisonment for the possession of equipment, chemicals, products and materials used to manufacture methamphetamine; and 10 years of imprisonment for possessing ammunition as a convicted felon, with the sentences running concurrently. Braden appeals his conviction and sentence on two grounds: (1) the jury had insufficient evidence to convict him of conspiring to manufacture methamphetamine; and (2) the district court erroneously sentenced Braden to life imprisonment based on his prior convictions for crimes

1

committed during the time-frame of the conspiracy. After reviewing the record, we affirm Braden's conviction and sentence.

## I.

A federal grand jury charged Braden, along with forty-one others, with conspiring to manufacture at least fifty grams of methamphetamine between January 2004 and March 2013 in violation of 21 U.S.C §§ 846; possessing equipment, chemicals, products and materials used to manufacture methamphetamine with knowledge that they would be used to manufacture methamphetamine in violation of 21 U.S.C. § 843(a)(6) and 18 U.S.C. § 2; and charged Braden specifically with possessing ammunition as a convicted felon in violation of 18 U.S.C. § 922(g)(1).

In September 2013, Braden's case proceeded to trial. At trial, several co-defendants testified that Braden enlisted them, as well as others, to obtain pseudoephedrine and other methamphetamine manufacturing materials, including batteries, coffee filters, rubber tubing, and Coleman fuel. Specifically, Brandy Braden, an unrelated co-defendant, testified that she facilitated Braden's cooking of methamphetamine by providing him with filters, batteries, Coleman fuel, and pseudoephedrine in exchange for cash or methamphetamine. She also testified that Braden and another individual, Randy Smith, cooked methamphetamine together. According to Brandy, Braden and Smith "were partners most of the time. . . . They would get boxes [of pseudoephedrine] and combine their boxes and cook together."

Similarly, Shannon Ruffner, another co-defendant, testified that she brought Braden a smoke hose to assist him in manufacturing methamphetamine, and in return, she received methamphetamine. Another co-defendant, Jessica Davis, testified that Braden walked her through how to make methamphetamine. Davis further testified that during this time, Braden

2

called an individual from his cellphone to instruct someone to acquire more "cold packs"—a product containing ammonium nitrate, which is a common ingredient used in the production of methamphetamine. The jury also heard from Kenny Lamarr, a co-defendant, who testified that on one occasion Braden facilitated Lamarr's cooking of methamphetamine by providing him with Sudafed.

Additionally, Jason Leach, a Narcotics Investigator for the Anderson County Sheriff's Office, testified about his interview with Braden. In the course of the interview, Braden initially told Leach that he cooked with Lawrence "Stony" Scriver. Braden then changed his statement to admit only that he "used to deal with Stony." However, Braden again changed his response stating, "No, I didn't deal with Stony, but I have personal knowledge of Stony and what his involvement in meth is." Braden then said "I'm not interested in giving statements on anyone or snitching on anyone. I'm obviously going away for a long time. I just want to do my time and get it over with."

Subsequently, Kelly Smith, a Trooper for the Tennessee Highway Patrol testified about a February 7, 2004, incident involving Braden and Scriver. Smith stopped a car—in which Scriver was the driver and Braden was the passenger—for crossing a center dividing line. After Scriver handed over his license, he sped away. During the pursuit, Smith observed Braden throw several objects out of the passenger window, including a glass jar containing a liquid that later tested positive for ephedrine. Once Scriver and Braden were ultimately apprehended, Smith found aluminum foil, lithium batteries, Coleman fuel, and coffee filters—items consistent with the manufacture of methamphetamine—in the car.

The jury found Braden guilty of all charges. Pursuant to 21 U.S.C. § 851, the government filed a notice of its intent to enhance Braden's sentence based on his six prior felony

convictions. Due to the statutorily mandated sentence of life imprisonment, the district court sentenced Braden to a mandatory minimum term of life imprisonment for conspiring to manufacture at least fifty grams of methamphetamine; 20 years of imprisonment for possessing equipment, chemicals, products and materials used to manufacture methamphetamine with knowledge that they would be used to manufacture methamphetamine; and 10 years of imprisonment for possessing ammunition as a convicted felon, with the sentences running concurrently. Braden timely appealed.

## II.

### A.

Braden first contends that the jury had insufficient evidence to convict him of conspiracy. The relevant question on appeal then is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime." *United States v. Jones*, 102 F.3d 804, 807 (6th Cir. 1996) (internal quotation marks omitted). "We reverse a conviction for insufficiency of the evidence only if it is not supported by substantial and competent evidence, whether direct or wholly circumstantial, upon the record as a whole." *United States v. LaPointe*, 690 F.3d 434, 443 (6th Cir. 2012). In making this determination, however, the court does "not reweigh the evidence, reevaluate the credibility of witnesses, or substitute our judgment for that of the jury." *United States v. Deitz*, 577 F.3d 672, 677 (6th Cir. 2009) (citation omitted).

Under 21 U.S.C. § 841(a)(1), it is unlawful for any person to knowingly or intentionally manufacture, or possess with intent to manufacture, methamphetamine. Any person who conspires to commit a violation of § 841(a)(1) shall be guilty of conspiracy pursuant to 21 U.S.C. § 846. "To establish a drug conspiracy, the government must prove (1) an agreement to violate drug laws; (2) knowledge and intent to join the conspiracy; and (3) participation in the

4

conspiracy." *United States v. Layne*, 192 F.3d 556, 567 (6th Cir. 1999). The parties' agreement need not be explicit. Rather, a tacit or material understanding among the parties is sufficient. *See United States v. Avery*, 128 F.3d 966, 970–71 (6th Cir. 1997). Once a conspiracy is shown beyond a reasonable doubt, a defendant's connection to the conspiracy "need only be slight." *United States v. Salgado*, 250 F.3d 438, 447 (6th Cir. 2001).

Braden does not deny that he manufactured methamphetamine but argues that the government has failed to sufficiently prove that there was an *agreement* between Braden and others to manufacture methamphetamine. Specifically, Braden contends that the evidence was insufficient because it relied mostly on the testimony of the cooperating co-defendants. Braden claims that because these witnesses never implicated Braden during their initial debriefings with the government prior to trial, their credibility is completely undermined. However, Braden was able to, and did, challenge each witness's respective credibility on cross-examination. Indeed, Braden's counsel went to great lengths to ensure that the jury was aware that the relevant witnesses failed to mention Braden during their initial statements to law enforcement. The jury, however, rejected this argument as it convicted Braden. Appellate review is no place for arguments concerning a government witness's lack of credibility. *See Deitz*, 577 F.3d at 681.

A reasonable jury could infer from the extensive testimony that Braden agreed to manufacture methamphetamine with others. For instance, Brandy testified that she observed Braden and another individual combining their pseudoephedrine pills to cook methamphetamine. She also admitted that she had provided Braden with materials and chemicals to facilitate his methamphetamine production. Furthermore, Investigator Leach testified that Braden originally admitted to cooking methamphetamine with Scriver. Even though Braden later retracted that statement, Trooper Smith's testimony provides additional support for the jury finding that

5

Braden was involved in a conspiracy to manufacture methamphetamine. Smith, after apprehending Scriver's car following a police chase, testified that the items found in the car—aluminum foil, lithium batteries, Coleman fuel, and coffee filters—as well as the items thrown from the car during the chase—a glass bottle containing ephedrine and Tupperware filled with exploding white powder—were wholly consistent with the manufacture of methamphetamine.

Smith and Leach's testimony left the jury with three pieces of evidence: (1) Braden originally admitted to cooking methamphetamine with Scriver; (2) Braden and Scriver were in a car together that contained materials and chemicals used in methamphetamine production; and (3) both Braden and Scriver attempted to evade police officers, suggesting their involvement in illicit activity. Therefore, although the record may be devoid of any *formal* agreement to manufacture methamphetamine, this evidence—when combined with other testimony indicating that Braden cooked methamphetamine with other individuals—is sufficient for a jury to reasonably infer that there was a tacit or mutual understanding among the co-defendants and that Braden acted in concert with others to knowingly and intentionally manufacture methamphetamine.

**B.**

Braden also argues that the district court erred in sentencing him to life imprisonment. Although Braden acknowledges the existence of all six prior felony drug convictions, Braden argues that both his due process and double jeopardy rights were violated when the sentencing judge enhanced Braden's sentence due to these convictions particularly because the convictions were based on substantive crimes which occurred within the same time-frame as the alleged conspiracy. Braden concedes, however, that the Sixth Circuit has sanctioned such a practice. *See United States v. Brazil*, 395 F. App'x 205, 222–23 (6th Cir. 2010); *United States v. Odeneal*,

517 F.3d 406, 416–17 (6th Cir. 2008); and *United States v. Hughes*, 924 F.2d 1354, 1361–62 (6th Cir. 1991). Nevertheless, and without explanation, he urges that it is impermissible in this particular case. But this court is bound by Sixth Circuit precedent. *Little v. BP Exploration & Oil Co.*, 265 F.3d 357, 362 (6th Cir. 2001) ("[W]e are bound by Sixth Circuit precedent unless it is overruled by either our court sitting *en banc* or the Supreme Court."). Even if the court were not so bound, Braden has failed to present any argument to support his claim that the sentencing court erred in enhancing Braden's sentence based on his prior drug felony convictions. Thus, this claim is waived. *United States v. Kelso*, 468 F. App'x 551, 556–57 (6th Cir. 2012) ("'Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.'" (quoting *McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997))).

**III.**

For the foregoing reasons, we affirm Braden's conviction and sentence.